# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### West Palm Beach Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>GINN-LA ST. LUCIE LTD., LLLP, *et al.*,<br><br>　　　　　　　　Debtors.<br>_____/ | **CASE NO. 08-29769-PGH**<br>All Cases Jointly Administered<br><br>Chapter 7<br><br>(4 Cases Substantively Consolidated Under Lead Case No. 08-29769-PGH)[1] |
| In re:<br>GINN-LA QUAIL WEST LTD., LLLP, *et al.*,<br><br>　　　　　　　　Debtors.<br>_____/ | (3 Cases Substantively Consolidated Under Lead Case No. 08-29774-PGH)[2] |
| DREW M. DILLWORTH, Chapter 7 Trustee,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>EDWARD R. GINN, III, et al.,<br><br>　　　　　　　　Defendants.<br>_____/ | **ADV. PRO. NO. 10-02976-PGH** |

## PLAINTIFF'S MOTION TO WITHDRAW
## REFERENCE OF ADVERSARY PROCEEDING

Plaintiff, Drew M. Dillworth ("**Trustee Dillworth**"), in his capacity as Chapter 7 Trustee for the Tesoro and Quail West Debtors' Estates, by and through undersigned counsel, files this *Motion to Withdraw Reference of Adversary Proceeding* ("**Motion**") seeking an Order pursuant to 28 U.S.C.

---

[1] The "**Tesoro Debtors' Estates**" (Nos. 08-29769-PGH, 08-29770-PGH, 08-29772-PGH, and 08-29773-PGH) are substantively consolidated into Lead Case No. 08-29769-PGH. *See* Order [D.E. 308/309]. The "Tesoro Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA St. Lucie Ltd., LLLP – 5632; (ii) Ginn-St Lucie GP, LLC – 0983; (iii) Tesoro Golf Club Condo., LLC – 4385; and (iv) The Tesoro Club, LLC – 1917. *See* 11 U.S.C. § 342(c)(1).

[2] The "**Quail West Debtors' Estates**" (Nos. 08-29774-PGH, 08-29775-PGH, and 08-29776-PGH) are substantively consolidated into Lead Case No. 08-29774-PGH. *See* Order [D.E. 34]. The "Quail West Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA Quail West Ltd., LLLP – 2397; (ii) Ginn-Quail West Beach, LLC – 9142; and (iii) Ginn-Quail West GP, LLC – 6313. *See* 11 U.S.C. § 342(c)(1).

§ 157(d) and (e), Rule 5011(a), Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and Local Rule 5011-1 of the Local Rules of the United States Bankruptcy Court, Southern District of Florida ("**Local Rules**") withdrawing the reference of this adversary proceeding ("**Adversary Proceeding**") to the United States District Court for the Southern District of Florida (the "**District Court**") for case dispositive motions and jury trial. In support thereof, Trustee Dillworth respectfully states as follows:

### BACKGROUND

1. Trustee Dillworth is the duly appointed, qualified, and acting Chapter 7 Trustee for the Tesoro Debtors' Estates and the Quail West Debtors' Estates.

2. On July 1, 2011, Trustee Dillworth filed his Fourth Amended Complaint ("**FAC**") [ECF No. 268] seeking (a) to avoid and recover for fraudulent transfers of Tesoro Debtor property and Quail West Debtor property; and (b) to recover monetary damages for breaches of fiduciary duties owed the Tesoro and Quail West Debtors pursuant to Georgia state common law in connection with the same conduct and transactions.

3. On November 15, 2011, this Court entered a lengthy Order [ECF No. 334] granting the Ginn and Lubert-Adler Defendants' Motions to Dismiss Fourth Amended Complaint as to Counts I - VI, *i.e.*, the claims to avoid and recover for fraudulent transfers of Debtor property, but denying the Motions to Dismiss as to Counts VII and VIII – the state law tort claims seeking monetary damages for breaches of fiduciary duties owed the Debtors ("**Fiduciary Duty Claims**").

4. Trustee Dillworth alleges in FAC ¶ 25 that the Fiduciary Duty Claims are "non-core" proceedings based solely on state common law, which are subject to the limitations of 28 U.S.C. § 157(c)(1).

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

5. On December 21, 2011, the Ginn Defendants and Lubert-Adler Defendants named as Defendants in FAC Counts VII and VIII (collectively, the "**Fiduciary Defendants**") each filed Answers and Affirmative Defenses to the FAC [ECF Nos. 340 and 341]; and on February 17, 2012, the Fiduciary Defendants each filed Amended Answers and Affirmative Defenses to the FAC ("**Amended Answers**") [ECF No. 357 and 358].

6. The Ginn Fiduciary Defendants admitted in their Amended Answer to FAC ¶ 25 that the Fiduciary Duty Claims are "non-core" proceedings [ECF No. 357].

7. The Lubert-Adler Fiduciary Defendants, in turn, stated in their Amended Answer that the FAC ¶ 25 contained conclusions of law to which no response is required [ECF No. 358].

8. On January 3, 2012, Trustee Dillworth timely filed *Plaintiff's Demand for Jury Trial* ("**Demand for Jury Trial**") [ECF No. 342] demanding a jury trial in this Adversary Proceeding pursuant to Federal Rule of Civil Procedure 38(d) and Bankruptcy Rule 9015(a). The Fiduciary Defendants did not object or otherwise respond to the Demand for Jury Trial.

9. The parties have not consented to the Bankruptcy Court deciding case dispositive motions, such as motions for summary judgment, or to the Bankruptcy Court conducting the jury trial required in this Adversary Proceeding.

10. On January 9, 2012, the Court entered a *Second Amended Case Management and Scheduling Order* [ECF No. 344] ("**Case Management Order**") which includes a briefing and deadline schedule for this Adversary Proceeding that is agreed to by all parties. Pursuant to the Case Management Order, the deadline to file a motion to withdraw the reference is April 30, 2012. Accordingly, this Motion is timely filed.

11. The deadline to file proofs of claim against the Debtors' estates was April 30, 2009 [Case No. 08-29769-PGH, ECF No. 10].

12. At no time did any of the Fiduciary Defendants file a proof of claim against the Debtors' estates or otherwise submit themselves to the equitable jurisdiction of this Court.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

# ARGUMENT

13. Federal District Courts have original jurisdiction in all civil proceedings "arising under," "arising in" or "related to" cases under Title 11, 28 U.S.C. § 1334(b), but they may refer cases and proceedings arising under title 11 to the bankruptcy courts. 28 U.S.C. § 157(a). Pursuant to that authority, the District Court in this district maintains a standing order automatically referring bankruptcy cases to the bankruptcy court.[3] The District Court, however, possesses broad powers under 28 U.S.C. § 157(d) to withdraw any case, in whole or in part, from a bankruptcy court on its own motion or on timely motion of any party, "for cause shown." 28 U.S.C. § 157(d).

14. Further, pursuant to 28 U.S.C. §157(e), the bankruptcy court may only conduct a jury trial "if specially designated to exercise such jurisdiction by the district court *and with the express consent of all the parties.*"

15. Trustee Dillworth submits that cause exists to withdraw the reference of this Adversary Proceeding because (i) the Fiduciary Duty Claims are state common law tort claims seeking monetary damages which are "non-core" claims under 28 U.S.C. §157(d); (ii) Trustee Dillworth is entitled to a jury trial of the Fiduciary Duty Claims and he does not consent to the Bankruptcy Court conducting the jury trial as required by 28 U.S.C. § 157(e); (iii) under the principles set forth in *Stern v. Marshall*, 131 S.Ct. 2594, 2608 (2011), the Bankruptcy Court lacks constitutional authority to enter a final order adjudicating state common law claims against non-debtor third parties such as the Fiduciary Defendants; and (iv) having the trial conducted by the District Court will streamline the appellate process and promote judicial economy.

---

[3] *See* Administrative Order 2012-25, Order of Reference, United States District Court, Southern District of Florida (03-21-2012).

-4-

> **A. The Reference Should Be Withdrawn Because the Fiduciary Duty Claims are State Common Law Tort Claims which are "Non-Core" Claims Under 28 U.S.C. §157(d)**

16. A key question for this Court in determining whether to withdraw the reference of all or part of a bankruptcy proceeding "for cause" is whether the bankruptcy court has authority to act upon the relief requested. In *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095 (2d Cir. 1993), the court explained that in "considering whether to withdraw the reference [courts] should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Id.* at 1101; *see also Control Ctr. L.L.C. v. Lauer*, 228 B.R. at 275 (M.D. Fla. 2002) (the speed and efficiency associated with proceeding directly in the District Court often leads courts to find that "a determination that a proceeding is non-core weighs in favor of transferring the mater to a district court"). In other words, if a bankruptcy court lacks authority to resolve the claims presented to it there is presumptively "cause" to withdraw the reference under 28 U.S.C. § 157(d).

17. Before *Stern*, the answer to the threshold inquiry could be found in the statutory distinction between "core" and "non-core" proceedings, as 28 U.S.C. § 157(b) permits the bankruptcy courts to enter final orders in statutorily enumerated "core" matters, but not in "non-core" matters, which the bankruptcy court may hear, but may only submit proposed findings of fact and conclusions of law to the district court for *de novo* review. *See* 28 U.S.C. § 157(c)(1); *In re Electric Machinery Enterprises, Inc.*, 479 F.3d 791 (11th Cir. 2007) (holding bankruptcy courts lack authority to issue orders affecting non-core claims). After *Stern*, however, the power of a bankruptcy court to enter a final order is determined by constitutional considerations, as discussed below, in addition to the statutory definition of "core" proceedings.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

Case 9:12-mc-80546-KAM Document 1 Entered on FLSD Docket 05/18/2012 Page 6 of 14
Case 10-02976-PGH Doc 300 Filed 04/30/12 Page 6 of 14

18. In the Eleventh Circuit (and prior to *Stern*), the standard to withdraw the reference "for cause" requires consideration of the following factors:

> [W]hen making a determination of whether sufficient cause exists, a district court should consider the advancement of uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process. Additional factors include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4) prevention of delay. While important, none of the aforementioned factors should prevent a district court from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisor function over the bankruptcy courts.

*Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 272 (M.D. Fla. 2002) (internal quotations and citations omitted). Here, Trustee Dillworth's Fiduciary Duty Claims are clearly "non-core," and he has made a demand for jury trial on such claims.

19. The ultimate determination of Trustee Dillworth's Fiduciary Duty Claims will not involve substantive bankruptcy rights, and, therefore, the claims do not arise under title 11 and are not "core" proceedings. Trustee Dillworth's breach of Fiduciary Duty Claims arise solely under state common law. Similarly, Trustee Dillworth's claims are neither unique to bankruptcy nor uniquely affect the Debtors' bankruptcy cases. The Adversary Proceeding is not, therefore, the type of proceeding that could only arise in the context of a bankruptcy case.

20. Moreover, a non-core proceeding is not transformed into a core proceeding simply because the proceeding may be the estate's sole asset or its sole hope for distribution to creditors. As the Second Circuit Court of Appeals has recognized, even if "the outcome [of the adversary proceeding] could determine [the debtor's] continued viability as an enterprise," finding that a proceeding is core merely because it involves property of the estate would "create an exception . .

-6-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

. that would swallow the rule." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion)*, 4 F.3d 1095, 1102 (2d Cir. 1993). *See also In re Shafer & Miller Indus., Inc.*, 66 B.R. at 580 ("[A] state-created right to recover damages for breach of contract, even though such damages would ultimately enhance the debtor's estate, [does] not transform what is essentially a private right into a public right."). Any contrary result would eviscerate the principle of core and non-core as almost every proceeding in which a debtor sought money damages would have an effect on the estate. *See In re Marill Alarm Sys.*, 81 B.R. 119, 123 n.8 (S.D. Fla. 1987) ("If this Court conferred core jurisdiction on that basis [that the debtor's claim affects the liquidation of the assets of the estate], virtually any claim which could increase the assets in the estate would entitle the bankruptcy court to ignore the constitutional proscription set forth in Marathon. This Court will not interpret section 157 so broadly."). Here, the Fiduciary Duty Claims have their origin in the common law, have nothing to do with the Bankruptcy Code, and are "non-core" claims which can only be finally adjudicated by the District Court.

      **B.    The Reference Should Also Be Withdrawn Because Trustee Dillworth is Entitled to a Jury Trial and The Parties Have Not Consented to the Bankruptcy Court Conducting the Jury Trial as Required by 28 U.S.C. § 157(e)**

21. Under 28 U.S.C. § 157, "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of the parties." 28 U.S.C. § 157(e).

22. The District Courts in Florida have uniformly applied the plain meaning of 28 U.S.C. § 157(e) to withdraw the reference to provide litigants the right to a jury trial in the District Court, rather than in the Bankruptcy Court. *See Frank v. Lake Worth*, 2011 WL 260068 (S.D. Fla. June 30, 2011) (noting the statutory provision); *In re Gunallen Financial, Inc.*, 2011 WL 398054 (M.D. Fla.

-7-

Feb. 3, 2011); *In re Stone*, 2010 WL 5069698 (M.D. Fla. Dec. 7, 2010); *Control Center, L.L.C. v. Lauer*, 288 B.R. 269 (M.D. Fla. 2002); *see also In re EZ Pay Services, Inc.*, 389 B.R. 278 (Bankr. M.D. Fla. 2008).

23. Here, Trustee Dillworth has a Seventh Amendment right to a jury trial which he timely asserted, and the parties have not consented to the jury trial being conducted by the Bankruptcy Court. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58-59 (1989).

24. Therefore, under 28 U.S.C. § 157(e), the Fiduciary Duty Claims must be tried by the District Court.

### C. The Reference Should be Withdrawn Because the Bankruptcy Court Lacks Constitutional Authority to Adjudicate the Fiduciary Duty Claims in this Adversary Proceeding

25. In *Stern*, the Supreme Court recognized that § 157(b)(2) provided express statutory authority for the bankruptcy court to enter a final judgment on a state law counterclaim, but held that Article III of the Constitution did not so allow. *Stern*, 131 St. Ct. At 2608. The Court noted that "when a suit is made of 'the stuff of the traditional actions at common law tried by the courts at Westminster in 1789,' and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts." *Id.* At 2609 (quoting *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 90 (1982)) (emphasis added). The Supreme Court specifically discussed the impact of its ruling on fraudulent transfer claims holding that "fraudulent conveyance suits were 'quintessentially suits at common law that more nearly resemble state law contract claims brought by a bankruptcy corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res.'" *Id.* (Quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56 (1989))(emphasis added). As a

-8-

result, "Congress could not constitutionally assign resolution of the fraudulent conveyance action to a non-Article III court." *Id.* At 2614, n. 7 (citing *Granfinanciera*, 492 U.S. at 56, n. 11).

26. Indeed, the Supreme Court clearly reiterated in *Stern* that a fraudulent transfer action by a bankruptcy trustee against a defendant who has not filed a proof of claim in the bankruptcy case – like the defendant in *Granfinanciera* or the Fiduciary Defendants in this case – is akin to a common law contract action that involves a "private right" requiring adjudication by an Article III court. In the absence of any such proof of claim, there is simply no way to characterize adjudication of the Fiduciary Duty Claims raised here as integral to the restructuring of the debtor-creditor relationship or as resolved through the claims allowance process, which may be determined by a non-Article III court as involving "public rights." *Stern, supra* at 2611.[4] In Stern, the Supreme Court summarized the importance of Article III courts conducting jury trials as follows:

> Article III could neither serve its purpose in the system of checks and balances nor preserve the integrity of judicial decision making if the other branches of the Federal Government could confer the Government's "judicial Power" on entities outside Article III. That is why we have long recognized that, in general, Congress may not "withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or in admiralty." *Murray's Lessee v. Hoboken Land & Improvement Co.,* 59 U.S. 272, 18 How. 272, 284, 15 L.Ed. 372 (1856). When a suit is made of "the stuff of the traditional actions at common law tried by the courts at Westminster in 1789," *Northern Pipeline,* 458 U.S., at 90, 102 S.Ct. 2858 (Rehnquist, J., concurring in judgment), and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit rests with Article III judges in Article III courts. The Constitution assigns that job—resolution of "the mundane as well as the glamorous, matters of common law and statute as well as constitutional law, issues of fact as well as issues of law"—to the Judiciary. *Id.,* at 86-87, n. 39, 102 S.Ct. 2858 (plurality opinion).

---

[4] The absence of any proof of claim is a key distinguishing factor from the situations in *Katchen v. Landy*, 382 U.S. 323 (1966) and *Langenkamp v. Culp,* 498 U.S. 42 (1990). In those cases the creditor had filed a proof of claim, on which it was impossible for the bankruptcy court to rule without also resolving the preference claim brought by the estate. *Stern*, 131 S. Ct. At 2616-17.

-9-

27. The lesson of *Stern* is therefore simple: a bankruptcy court's authority to finally adjudicate a claim is not determined by reference to the list of core proceedings in 28 U.S.C. § 157(b)(2). Rather, a court must analyze whether the claim to be adjudicated involves a "public" or "private" right. If the latter, the bankruptcy court cannot exercise final adjudicative authority consistent with Article III. All of the Fiduciary Duty Claims asserted by Trustee Dillworth are only "private" right claims. Because the Fiduciary Duty Claims concern private rights over which the Bankruptcy Court has no authority to enter a final judgment, they must be heard by an Article III court.

### D. The Reference Should Be Withdrawn Because a Jury Trial Conducted by the District Court will Streamline the Appellate Process and it will Promote Judicial Economy

28. Conducting the trial of the Fiduciary Duty Claims in the District Court will streamline the appellate process and promote judicial economy. The Adversary Proceeding will involve extensive discovery, expert testimony, and a lengthy and complex jury trial. Further, in light of the tens of millions of dollars at issue in this Adversary Proceeding, the losing party will almost certainly pursue its appellate rights. If the Bankruptcy Court conducts the trial and, pursuant to the District Court's Order of Reference, issues proposed findings of fact and conclusions of law, there would be effectively a two-stage appellate process – first to the District Court for a *de novo* review of the Bankruptcy Court's findings and conclusions; and second, an appeal to the Eleventh Circuit Court of Appeals. Conversely, if the District Court conducts the trial, there will be only one direct appeal to the Eleventh Circuit Court of Appeals. Accordingly, the reference of this Adversary Proceeding should be withdrawn to the District Court for trial and for any case dispositive motions.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

## DESIGNATION OF RECORD

29. Pursuant to Local Rule 5011-1(B)(1), Trustee Dillworth designates the following portions of the record that are necessary or pertinent to the District Court's consideration of this Motion:

| Date | ECF No. (Adv. No. 10-02976-PGH) | Document |
|---|---|---|
| 07/01/2011 | 268 | Fourth Amended Complaint |
| 11/15/2011 | 334 | Order: 1) Granting the Major University Defendants' Motion to Dismiss and the Investor Defendants' Motion to Dismiss; and 2) Granting-in-Part and Denying-in-Part the Lubert-Adler Motion to Dismiss and the Ginn Motion to Dismiss |
| 01/03/2012 | 342 | Plaintiff's Demand for Jury Trial |
| 01/09/2012 | 344 | Second Amended Case Management and Scheduling Order |
| 02/17/2012 | 357 | Amended Answer and Affirmative Defenses to Fourth Amended Complaint (filed by the Ginn Defendants) |
| 02/17/2012 | 358 | Amended Answer and Affirmative Defenses to Fourth Amended Complaint (filed by Lubert-Adler Defendants) |

## CONCLUSION

**WHEREFORE**, Trustee Dillworth respectfully requests the Court to enter an Order, (a) granting this Motion; (b) withdrawing the reference of this Adversary Proceeding to the District Court for jury trial and all case dispositive motions; and (c) granting such further relief as the Court deems proper.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

Dated: April 30, 2012

                                                        Respectfully submitted,

STEARNS WEAVER MILLER WEISSLER
  ALHADEFF & SITTERSON, P.A.

Attorneys for Drew M. Dillworth,
Chapter 7 Trustee of the Tesoro Debtors' Estates
and the Quail West Debtors' Estates

Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

I hereby certify that I am admitted to the Bar of
the United States District Court for the Southern District
of Florida and I am in compliance with the additional
qualifications to practice in this Court set forth in
Local Rule 2090-1(A).

By: */s/ Harold D. Moorefield, Jr.*
      EUGENE E. STEARNS
      Fla. Bar No. 149335
      estearns@stearnsweaver.com
      HAROLD D. MOOREFIELD, JR.
      Fla. Bar No. 239291
      hmoorefield@stearnsweaver.com
      MATTHEW W. BUTTRICK
      Fla. Bar No. 176028
      mbuttrick@stearnsweaver.com
      ANDREW E. STEARNS
      Fla. Bar No. 661651
      astearns@stearnsweaver.com

-12-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

-13-

## CERTIFICATE OF SERVICE

I CERTIFY that on April 30, 2012, a true and correct copy of the foregoing was served as follows: (a) by Notice of Electronic Filing ("NEF") generated by CM/ECF (and by courtesy e-mail from undersigned counsel) to the relevant parties registered to receive NEF in this adversary proceeding; and (b) by U.S. Mail, postage prepaid, (and by courtesy e-mail from undersigned counsel) to those parties not registered to receive NEF in this adversary proceeding, as indicated on the attached Service List.

By: */s/ Harold D. Moorefield, Jr.*
HAROLD D. MOOREFIELD, JR.
Fla. Bar No. 239291
hmoorefield@stearnsweaver.com

-13-

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
MUSEUM TOWER, 150 WEST FLAGLER STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 789-3200

## SERVICE LIST

*Served by ECF and Courtesy E-Mail:*

| | |
|---|---|
| CHARLES W. THROCKMORTON, ESQ. <br> *cwt@kttlaw.com* <br> *lf@kttlaw.com* <br> *la@kttlaw.com* <br> *Counsel for Ginn Defendants* | PAUL STEVEN SINGERMAN, ESQ <br> *singerman@bergersingerman.com* <br> *efile@bergersingerman.com* <br> *Counsel for Lubert-Adler Defendants* |
| LYNN F. CHANDLER, ESQ. <br> JONATHAN P. HEYL, ESQ. <br> JEFFREY P. MACHARG, ESQ. <br> *lynn.chandler@smithmoorelaw.com* <br> *johanne.bloom@smithmoorelaw.com* <br> *devire.robinson@smithmoorelaw.com* <br> *jeff.macharg@smithmoorelaw.com* <br> *jon.heyl@smithmoorelaw.com* <br> *Counsel for Ginn Defendants* | ROBERT N GILBERT, ESQ. <br> *rgilbert@carltonfields.com* <br> *kdemar@carltonfields.com* <br> *Counsel for Credit Suisse* |

*Served by U.S. Mail, postage prepaid, and Courtesy E-Mail*

WILLIAM A. HARVEY, ESQ.
*wharvey@klehr.com*
RONA J. ROSEN, ESQ.
*rrosen@klehr.com*
**KLEHR HARRISON HARVEY BRANZBURG LLP**
1835 Market Street, Suite 1400
Philadelphia, PA 19103
*Counsel for Lubert-Adler Defendants*

MICHEL O. WEISZ, ESQ.
*mweisz@bergersingerman.com*
**BERGER SINGERMAN, P.A.**
200 Biscayne Boulevard, Suite 1000
Miami, FL 33131
*Counsel for Lubert-Adler Defendants*

SALLY MCDONALD HENRY, ESQ.
*Sally.Henry@Skadden.com*
DONALD D. LEWIS, ESQ.
*Donald.Lewis@Skadden.com*
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Four Times Square
New York, NY 10036-6522
*Counsel for Credit Suisse*